**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, et al.**                                                                              **PLAINTIFFS**

**V.**                                                         **CIVIL ACTION NO. 3:09-CV-108-SA-SAA**

**EPI ADVANCED, LLC, et al.**                                                                        **DEFENDANTS**

## ORDER

Currently before the Court is Plaintiff's Motion for an Extension [136] of time to file a response to Defendants' Motion for Summary Judgment. In response to Plaintiff's Motion for an Extension, Defendants have represented to the Court that an agreement with Plaintiff has been reached regarding the response and reply deadlines for the Motion for Summary Judgment. The Court has already continued the trial of this matter to February 7, 2011, and the parties have also requested an extension of all Case Management Order deadlines.

As the parties have agreed to the proposed extension of time and said extension will not unreasonably delay the Court's disposition of this case, the Court grants Plaintiff's Motion for an Extension [136] in the manner requested by the parties. Plaintiff shall file her response to Defendants' time bar Motion for Summary Judgment within fourteen (14) days after completing the depositions of Jessey Letson and Dean Miller, but not later than April 16, 2010. Plaintiff shall also, by March 8, 2010, provide notice on the record of the date(s) upon which the depositions are to be taken. Defendants shall file any rebuttal within twenty-one (21) days of the filing of Plaintiff's response.

The Court has the "inherent power to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct.

163, 81 L. Ed. 153 (1936)). Indeed, the Court has a duty to manage its docket "to acheive the orderly and expeditious disposition of cases." Id. (quoting Woodson v. Surgitek, Inc., 57 F.3d 1406, 1417 (5th Cir. 1995)). It is for that very reason the Court imposes deadlines and scheduling orders on parties to litigation before it.

The Court recognizes that the complexity of this matter, the intervention of Plaintiff Johnson, the timing of Defendants' dispositive motions, and the changes to the Local Rules and Federal Rules that became effective on December 1, 2009, have all contributed to the multiple requests for extensions that have been filed thus far in this case. However, the Court will not tolerate undue delay in this matter, and any further requests for extensions will be closely scrutinized for good cause.

The Court also reminds the parties that Local Rule 7(b)(10) requires parties filing nondispositive motions to advise the Court whether there is opposition to the motion. L.U.Civ.R. 7(b)(10). Motions for extensions of time to respond to dispositive motions fall within the scope of Local Rule 7(b)(10). Although the rule does not specifically state that counsel must confer with opposing counsel before filing a nondispositive motion, it clearly assumes as much, insofar as counsel can not advise the Court as to opposition to a motion if counsel has not conferred with opposing counsel. The Court expects all counsel of record to so confer before filing any further nondispositive motions and to indicate in their motion whether the motion is unopposed.

So ordered on this, the 22nd day of February, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**